IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACIE M. PONESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-114 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of March, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision granting Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., as of June 22, 2018, but denying the claim prior to that date, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1153-54 (2019); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Commissioner found that Plaintiff was not disabled under the Social Security Act prior to June 22, 2018, but that she became disabled on that date by operation of the Medical-Vocational Rules. (R. 26). Plaintiff argues that she was disabled prior to that date, and, therefore, that she is entitled to benefits for the period from her alleged onset date of April 15, 2016 through June 21, 2018. In so arguing, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinions in the record, including those of her treating physicians as well as that of the state reviewing agent, in formulating her residual functional capacity ("RFC") and in finding her to be not disabled prior to June of 2018. The Court finds no merit to these arguments and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not entitled to benefits for the relevant time period of April 15, 2016 through June 21, 2018.

Plaintiff's primary argument is that the ALJ gave insufficient weight to the April 18, 2018 opinion of Henry Folb, M.D. (R. 1184-86), and to the March 29, 2018 opinion of Barry Hirsch, M.D. (R. 976-77), two of her treating physicians, particularly by failing to incorporate into her RFC restrictions that she asserts would prevent her from working during the relevant time period. As Plaintiff points out, when assessing a claimant's application for benefits, the opinions of the claimant's treating physicians generally are to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).  This is particularly pertinent in a case like this one where there is a good deal of objective medical evidence and several opinions regarding Plaintiff's functional capacity.  An important part of the ALJ's job in a case like this is to consider the consistency of each medical opinion with the other evidence, including the other medical opinions of record.  See 20 C.F.R. § 404.1527(c)(4).  Here, the ALJ did just that.

Indeed, the ALJ did not reject the opinions of Drs. Folb and Hirsch outright; rather, she afforded them partial weight.  (R. 22).   She discussed the evidence at length and explained that she found these opinions to be partially supported by this evidence.   She pointed out, for instance, that the objective medical evidence did not support Dr. Folb's conclusions regarding Plaintiff's ability to lift and her postural and manipulative limitations, as well as her ability to maintain attention and concentration.  (Id.).  In regard to Dr. Hirsch, the ALJ noted that his opinion was inconsistent with his own treatment notes, which she discussed in some detail.  (Id.).  Such consideration was appropriate, see Bryson v. Comm'r of Soc. Sec., 639 Fed. Appx. 784, 787 (3d Cir. 2016); Kibe v. Comm'r of Soc. Sec., 787 Fed. Appx. 801, 802 (3d Cir. 2019), and supported by substantial evidence.  The Court further notes that this case is a good example of why "check-box" opinions, such as those of Drs. Folb and Hirsch, generally constitute "weak evidence at best."  Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); Colvin v. Comm'r of Soc. Sec., 675 Fed. Appx. 154, 157 (3d Cir. 2017).  The language describing the functional limitations set forth in these opinions highlighted by Plaintiff (see Doc. No. 16 at p. 8) was not crafted by these physicians; rather, they were given a binary choice as to whether these limitations should apply or not.  The fact that the ALJ did not adopt them verbatim is not surprising given the circumstances.

As Plaintiff acknowledges, the ALJ also relied on the contrary opinion of Bluett Jones, M.D., the state reviewing agent.  While an ALJ must consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit."  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).  See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005).  The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion.  See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996).  In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion.  See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

Plaintiff objects to the weight afforded to Dr. Jones' opinion, however, due to the fact that this opinion, completed on September 2, 2016, was rendered without access to later

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and that Defendant's Motion for Summary Judgment (document No. 17) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record

---

record evidence, including Dr. Folb's and Dr. Hirsch's opinions and treatment records. It is not unexpected, though, for the record to contain evidence post-dating the state reviewing agent's opinion. Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Chandler, 667 F.3d at 361. While there certainly was such a lapse here, there is no evidence that Plaintiff's condition significantly changed over that time. Moreover, the reviewing agent did have access to a substantial portion of the record evidence (R. 82-84) – especially compared to Drs. Folb and Hirsch – and the ALJ, of course, did have access to this later evidence and clearly relied upon and discussed that evidence in making her findings. Further, the ALJ did not simply adopt Dr. Jones' opinion, but rather considered all of the evidence in formulating the RFC. In fact, many of the restrictions contained in the very detailed RFC finding were adopted from the opinions of Drs. Folb and Hirsch. (R.18-19, 22). It is also important to note that the ALJ did find that Plaintiff became disabled as of June 22, 2018, and the opinions of Drs. Folb and Hirsch were much closer in time to that date than to the alleged onset date.

Finally, Plaintiff suggests that since the ALJ gave "great weight" to Dr. Jones' opinion, she was obligated to include the exact limitations contained in that opinion in determining Plaintiff's RFC. This is simply not the case; ALJs are never required to simply pick one opinion and adopt it wholesale. See Wilkinson v. Comm'r of Soc. Sec., 558 Fed. Appx. 254, 256 (3d Cir. 2014). See also Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Instead, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." Titterington. 174 Fed. Appx. at 11; Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003). As noted above, the ALJ's consideration of Dr. Jones' opinion was consistent with the record evidence as a whole.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.